RECEIVED
IN LAKE CHARLES, LA
OCT 27 2011
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| UNITED STATES OF AMERICA | : | DOCKET NO. 2: 10 CR 00331-002 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| JORDAN BLAKE BERZA | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the court is the defendant's objection to the Presentence Report ("PSR") prepared by the Probation Department.

The defendant objects to being assessed four points as a leader/organizer of the conspiracy. Berza contends that Probation misapplied the sentencing guidelines by applying § 3B1.1(a)'s four-level enhancement to his offense level based on his "leader/organizer" role. He states that, although he may have had a leadership role, the criminal activity was not "otherwise extensive."

A defendant "must have been the organizer or leader of at least one other participant" to qualify as a leader/organizer. *United States v. Ronning,* 47 F.3d 710, 712 (5th Cir.1995). In assessing a defendant's role as a leader/organizer, the Sentencing Guidelines direct a court to consider: (1) the defendant's exercise of decision making authority, (2) the nature of the defendant's participation in the commission of the offense, (3) the defendant's claimed right to a larger share of the fruits of the offense, (4) the defendant's degree of participation in the planning or organizing of the offense, (5) the nature and scope of the illegal activity, and (6) the degree of control and authority exercised by the defendant over others. U.S.S.G. § 3B1.1 app. n. 4.

The Stipulated Factual Basis, which Berza signed, states that he is a leader and organizer of this drug trafficking organization. It stipulates that he had seventeen (17) packages of anabolic steroids delivered to his home in Lake Charles from China. Each package contained approximately ½ kilogram of anabolic steroid powder. Berza, with the help of others in the organization, would convert the anabolic steroids into an injectable form and package it for distribution. He used both his home and his business as a point of distribution. He delivered and mailed steroids to his distributors. In order to facilitate the importation and distribution of these drugs, Berza would communicate with others in the organization with the use of audio and electronic communications.

The Government need not produce direct evidence demonstrating that Berza directed or controlled other participants. *See United States v. Barnett,* 273 F.3d 1094, 2001 WL 1085116 at *4 (5th Cir.2001) (unpublished) (noting that although no direct evidence precisely established that the defendant directed or controlled other participants, the evidence did give a strong inference to that effect). This court may infer from available facts, including circumstantial evidence, that a defendant exercised a leader/organizer role. *See United States v. Cabrera,* 288 F.3d 163, 174 (5th Cir.2002) (finding that the evidence provided an adequate basis for the inference that defendants were leaders/organizers in light of the U.S.S.G. § 3B1.1 app. n. 4 factors); *United States v. Murray,* 648 F.3d 251, 256 -257 ( 5th Cir. 2011).

Berza will have the opportunity at the sentencing hearing to present rebuttal evidence to prove that he was not a leader/organizer of this conspiracy. Unsupported assertions are not sufficient. The evidence presented in the Presentence Report (PSR) has an adequate evidentiary basis for this court to adopt the facts presented in the PSR without further inquiry and to provide an adequate basis for the inference that Berza was a leader/organizer of this conspiracy. *See United*

*States v. Brown,* 54 F.3d 234, 242 (5th Cir.1995; *United States v. Gomez-Solis,* 2001 WL 1466317, 1 (5th Cir. 2001). Absent the introduction of such evidence by the defendant, this objection will be overruled.

Lake Charles, Louisiana, this 25 day of October, 2011.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE